# Exhibit

# A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-----------------------------------------------------------------------x
CATHY HROMADA,

                Plaintiff,

        - against -                                    Index No.: 610012/2019

WAL-MART STORES EAST, LP

                Defendant.
-----------------------------------------------------------------------x

## NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
### (Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
Give this Notice to your attorney. (<u>Attorneys:</u> see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

The benefits of participating in e-filing include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**
- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: May 30, 2019

MEGAN M. MACKENZIE, ESQ.
NAME

Rosenberg & Gluck LLP
FIRM NAME

1176 Portion Road
ADDRESS

Holtsville, NY 11742

631-451-7900
PHONE

To:  WAL-MART STORES EAST, LP
     C/O CT CORPORATION SYSTEM
     28 Liberty Street
     New York, New York 10005
     (Via Secretary of State)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------X
CATHY HROMADA,

                        Plaintiff,

   -against-

WAL-MART STORES EAST, LP,

                        Defendant.
----------------------------------------------------------------X

Index No.:

Filed:

**SUMMONS**

Plaintiff designates Suffolk County as the place of trial.

The basis of venue is:
Place of occurrence.

**To the above named Defendant:**

    **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty (20) days after the service of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Holtsville, New York
       May 23, 2019

                                                         MEGAN M. MACKENZIE, ESQ.
                                                         ROSENBERG & GLUCK, L.L.P.
                                                          Attorneys for Plaintiff
                                                          1176 Portion Road
                                                          Holtsville, New York 11742
                                                          (631) 451-7900

TO:   WAL-MART STORES EAST, LP
         C/O CT CORPORATION SYSTEM
         28 Liberty Street
         New York, NY 10005
         (Via Secretary of State)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
-------------------------------------------------------------------X
CATHY HROMADA,

                                Plaintiff,                                Index No.:

      -against-                                        **COMPLAINT**

WAL-MART STORES EAST, LP,

                                Defendant.
-------------------------------------------------------------------X

      The Plaintiff, above named, complaining of the Defendant by her attorneys, **ROSENBERG & GLUCK, L.L.P.**, respectfully alleges upon information and belief as follows:

      1.    At all times mentioned here, Defendant was a foreign limited partnership duly organized and existing under and by virtue of the laws of the State of Delaware.

      2.    At all times mentioned herein, Defendant was a foreign limited partnership duly authorized to conduct business in the State of New York.

      3.    At all times mentioned herein, Defendant was an owner of premises located at 3990 Nesconset Highway, East Setauket, County of Suffolk, State of New York.

      4.    At all times mentioned herein, Defendant was a lessor of the aforesaid premises.

      5.    At all times mentioned herein, Defendant was a lessee of the aforesaid premises.

      6.    At all times mentioned herein, Defendant was doing business at the aforesaid premises.

      7.    At all times mentioned herein, Defendant was doing business as "Walmart" at the aforesaid location.

      8.    At all times mentioned herein, Defendant was operating a retail store at the

FILED: SUFFOLK COUNTY CLERK 05/24/2019 10:12 AM
NYSCEF DOC. NO. 1

INDEX NO. 610012/2019
RECEIVED NYSCEF: 05/24/2019

aforesaid premises.

9. At all times mentioned herein, Defendant was an owner of the aforesaid business and parts thereof.

10. At all times mentioned herein, Defendant opened the aforesaid business and premises to the general public.

11. At all times mentioned herein, Defendant opened the aforesaid business and premises to the general public for the purpose of shopping.

12. At all times mentioned herein, Defendant, its agents, servants and/or employees, maintained the aforesaid premises.

13. At all times mentioned herein, Defendant, its agents, servants and/or employees, managed the aforesaid premises.

14. At all times mentioned herein, Defendant, its agents, servants and/or employees, controlled the aforesaid premises.

15. At all times mentioned herein, Defendant, its agents, servants and/or employees, inspected the aforesaid premises.

16. At all times mentioned herein, Defendant, its agents, servants and/or employees, operated the aforesaid premises.

17. At all times mentioned herein, Defendant, its agents, servants and/or employees, supervised the aforesaid premises.

18. At all times mentioned herein, Defendant, its agents, servants and/or employees, repaired the aforesaid premises.

19. At all times mentioned herein, Defendant, its agents, servants and/or employees, maintained the aforesaid business.

20. At all times mentioned herein, Defendant, its agents, servants and/or employees, managed the aforesaid business.

21. At all times mentioned herein, Defendant, its agents, servants and/or employees, controlled the aforesaid business.

22. At all times mentioned herein, Defendant, its agents, servants and/or employees, operated the aforesaid business.

23. At all times mentioned herein, Defendant, its agents, servants and/or employees, supervised the aforesaid business.

24. On or about May 4, 2017, Plaintiff was lawfully at the aforesaid premises.

25. On or about May 4, 2017, Plaintiff was lawfully at the aforesaid premises with the knowledge, permission and consent of the Defendant.

26. On or about May 4, 2017, while Plaintiff was at the aforesaid premises she was caused to sustain severe and permanent injuries.

27. The aforesaid occurrence was due to the negligence, carelessness and recklessness of the Defendant, its agents, servants and/or employees, in the ownership, operation, management, maintenance, inspection, control, supervision and/or repair of the aforesaid business and/or premises, and the parts thereof and through no fault or lack of care on the part of the Plaintiff herein.

28. This action falls within one or more of the exceptions set forth in CPLR §1602, including, but not limited to, 1602 (2) and (7).

29. As a result of the aforesaid occurrence, Plaintiff was caused to sustain serious

personal injuries, a severe shock to her nervous system and certain internal injuries, and has been caused to suffer severe physical pain as a result thereof. Some of the aforesaid injuries are of a permanent and lasting nature. Plaintiff was incapacitated from her usual and customary activities and was caused to undergo medical care and attention, all to her damage in a sum which exceeds the monetary jurisdictional limits of all lower Courts of the State of New York.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in amounts which exceed the monetary jurisdictional limits of all lower Courts of the State of New York, together with the costs and disbursements of this action.

Dated: Holtsville, New York
May 23, 2019

Yours, etc.

MEGAN M. MACKENZIE, ESQ.
ROSENBERG & GLUCK, L.L.P.
Attorneys for the Plaintiff
1176 Portion Road
Holtsville, New York 11742
(631) 451-7900

Index No. 610012/2019
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---

CATHY HROMADA

Plaintiff,

-against-

WAL-MART STORES EAST, LP

Defendant.

---

### NOTICE OF ELECTRONIC FILING, SUMMONS & COMPLAINT

**ROSENBERG & GLUCK, LLP**
*Attorneys for Plaintiff*
1176 Portion Road
Holtsville, NY 11742
631-451-7900

LITIGATION PAPERS ARE NOT TO BE SERVED BY FAX EXCEPT BY EXPRESS PRIOR WRITTEN PERMISSION

To:
Attorney(s) for

Service of a copy of the within _____ is hereby admitted.
Dated:

..........................................................
Attorney(s) for

*PLEASE TAKE NOTICE*

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of an
entered in the office of the Clerk of the within named
Court on.

☐ NOTICE OF SETTLEMENT

that an Order of which the within is a true copy will be
presented to the Hon.                         , one of the
judges of the within named Court, at ,
on                      , 20    , at              a.m./p.m.

Dated:

MEGAN M. MACKENZIE, ESQ.
ROSENBERG & GLUCK, LLP
*Attorneys for Plaintiff*
1176 Portion Road
Holtsville, NY 11742

TO:

WM 19-312 PC
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
------------------------------------------------------------X
CATHY HROMADA,　　　　　　　　　　　　　　　　　Index No.: 610012/19

　　　　　　　　　　Plaintiff,

　　　-against-　　　　　　　　　　　　　　　　　　　**VERIFIED ANSWER**

WAL-MART STORES EAST, LP,

　　　　　　　　　　Defendant.
------------------------------------------------------------X

　　　The defendant, WAL-MART STORES EAST, LP, by its attorneys, BRODY, O'CONNOR & O'CONNOR, ESQS., answering the Verified Complaint herein states upon information and belief:

　　　FIRST: Defendant denies the allegations set forth in paragraphs marked "3", "4", "5", "6", "7", "8", "9", "10", "11", "12", "13", "14", "15", "16", "17", "18", "19", "20", "21", "22", and "23", except admits that WAL-MART STORES EAST, LP is a sublessee of that portion of the premises comprising the Setauket Wal-Mart and is the operator of the Setauket Wal-Mart, leaving all other questions to the Court.

　　　SECOND: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraphs marked "24", "25", and "26", and each and every part thereof.

　　　THIRD: Defendant denies the allegations set forth in paragraph marked "27", and each and every part thereof.

　　　FOURTH: Defendant denies the allegations set forth in paragraph marked "28", and respectfully refers all questions of law to the trial Court.

FIFTH: Defendant denies having knowledge or information sufficient to form a belief as to the allegations set forth in paragraph marked "29", and each and every part thereof.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

SIXTH: The plaintiff was guilty of culpable conduct, including contributory negligence and/or assumption of risk, and should an award be made to plaintiff, same should be diminished in the proportion which the culpable conduct and/or contributory negligence and/or assumption of risk attributable to the plaintiff bears to the culpable conduct and/or negligence which caused the damages.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

SEVENTH: In the event that plaintiff recovers judgment against this answering defendant and it is determined that plaintiff's damages were caused in whole or in part by two or more joint tortfeasors, then defendant's liability herein for non-economic loss may not exceed its equitable share of said damages in accordance with its relative culpability, as provided by Section 1601 of the CPLR.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

EIGHTH: Plaintiff's recovery, if any, shall be reduced by the amount of any collateral payments received, in accordance with CPLR Section 4545.

WHEREFORE, defendant, WAL-MART STORES EAST, LP, requests judgment dismissing the Complaint herein, together with costs and disbursements of this action.

Dated: Northport, New York
July 8, 2019

Yours, etc.

BRODY, O'CONNOR & O'CONNOR, ESQS.
Attorneys for Defendant

By: _____
PATRICIA A. O'CONNOR
7 Bayview Avenue
Northport, New York 11768
(631) 261-7778
File No.: WM 19-312 PC

TO: ROSENBERG & GLUCK, LLP
Attorneys for Plaintiff
1176 Portion Road
Holtsville, New York 11742
(631) 451-7900

## AFFIRMATION BY ATTORNEY

The undersigned, an attorney admitted to practice in the Courts of the State of New York, shows:

That affirmant is the attorney for the defendant in the within action; that affirmant has read the foregoing Verified Answer and knows the contents thereof; that the same is true to the affirmant's knowledge, except as to the matters therein stated to be alleged on information and belief; and that as to those matters, affirmant believes it to be true.

Affirmant further says that the reason this Verification is made by deponent and not by the defendant is that defendant is a foreign limited partnership.

The grounds of belief as to all matters not stated upon deponent's knowledge are documents, correspondence and records maintained in your deponent's files and conversations and conferences had with the defendant.

The undersigned affirms that the foregoing statements are true under the penalties of perjury.

Dated: Northport, New York
July 8, 2019

_____
PATRICIA A. O'CONNOR

## AFFIDAVIT OF MAILING

STATE OF NEW YORK    )
                     ) ss:
COUNTY OF SUFFOLK    )

DEBRA SANACORA, being duly sworn, deposes and says:

That your deponent is not a party to this action, is over 18 years of age and resides at Ronkonkoma, New York.

That on the 9 day of July, 2019, deponent served the within VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

UPON:

ROSENBERG & GLUCK, LLP
Attorneys for Plaintiff
1176 Portion Road
Holtsville, New York 11742
(631) 451-7900

The address designated by said attorney for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

_____
DEBRA SANACORA

Sworn to before me this
9 day of July, 2019.

_____
NOTARY PUBLIC

PATRICIA A. O'CONNOR
NOTARY PUBLIC-STATE OF NEW YORK
No. 02OC6025606
Qualified in Suffolk County
My Commission Expires 08-08-22

Index No. 610012-19     Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

CATHY HROMADA,

Plaintiff,

-against-

WAL-MART STORES EAST, LP,

Defendant

## VERIFIED ANSWER and AFFIRMATION BY ATTORNEY

**BRODY, O'CONNOR & O'CONNOR, ESQS.**

Attorneys for

Defendant WAL-MART STORES EAST, LP

7 BAYVIEW AVENUE
NORTHPORT, NEW YORK 11768
(631) 261-7778
FAX (631) 261-9411

Pursuant to 22 NYCRR 130-1.1-a, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, (1) the contentions contained in the annexed document are not frivolous and that (2) if the annexed document is an initiating pleading, (i) the matter was not obtained through illegal conduct, or that if it was, the attorney or other persons responsible for the illegal conduct are not participating in the matter or sharing in any fee earned therefrom and that (ii) if the matter involves potential claims for personal injury or wrongful death, the matter was not obtained in violation of 22 NYCRR 1200.41-a.

Dated: _____     Signature _____

Print Signer's Name _____

Service of a copy of the within                                   is hereby admitted.

Dated: _____

Attorney(s) for _____

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
entered in the office of the clerk of the within-named Court on                    20

☐ NOTICE OF SETTLEMENT
that an Order of which the within is a true copy will be presented for settlement to the
Hon.                                       , one of the judges of the within-named Court,
at
on                           20   , at           M.

Dated: _____

**BRODY, O'CONNOR & O'CONNOR, ESQS.**

Attorneys for